**UNITED STATES DISTRICT COURT**
**District of Maryland**

| | |
|---|---|
| **William Connelly**<br>**United States Magistrate Judge** | **6500 Cherrywood Lane**<br>**Greenbelt, Maryland  20770**<br>Office: (301) 344-0627<br>Fax: (301) 344-8434 |

**May 13, 2005**

| | |
|---|---|
| Paul S. Caiola, Esquire<br>Brian T. Tucker, Esquire<br>Gallagher Evelius & Jones LLP<br>218 North Charles Street, Suite 400<br>Baltimore, Maryland 21201 | Samuel M. Riley, Esquire<br>Samuel M. Riley, LLC<br>409 Washington Avenue<br>Suite 1010<br>Baltimore, Maryland 21204 |
| Alfred L. Scanlan, Jr., Esquire<br>Eccleston and Wolf, P.C.<br>7th Floor - Scarlett Place<br>729 East Pratt Street<br>Baltimore, Maryland 21202 | John H. West, III, Esquire<br>West & Costello, LLC<br>409 Washington Avenue<br>Suite 1010<br>Baltimore, Maryland 21204 |

      Re:  *Neighborhood Dev. Collaborative v. Murphy, et al.*
          AW-03-CV-1283

Dear Counsel:

      This case has been referred to me by the Honorable Alexander Williams, Jr. for the resolution of all discovery disputes and related scheduling matters.  *See* Docket No. 67.  Pending and ready for resolution is Plaintiff's Motion to Compel (Docket No. 66).  *See* Docket No. 61 (Notice of Service of Motion to Compel).  Defendants have filed Oppositions, (Docket Nos. 62, 63) and Plaintiff a Reply (Docket No. 65).  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).

      The parties have resolved some of the issues raised in Plaintiff's Motion to Compel.  *See* Local Rule 104.7 Certificate.  The court addresses the remaining issues below.

1

*Interrogatory No. 9 to the LLC Defendants*:[1]

"Describe in complete detail the factual basis supporting your contention, in paragraph 21 of your Answer, that the May Mergers resulted in a sale of assets only and did not result in a transfer of liabilities. Identify all persons who have personal knowledge related to your answer. Identify all documents related to your answer."

The LLC Defendants answered as follows:

> The transactions at issue effected a transfer of control of the properties pursuant to purchase-option agreements in favor of Murphy. NDC through David Cole specified in instructions directed to Arnall, Golden & Gregory, LLP dated April 29, 2000, that in exchange for payment of the net proceeds of the refinance to NDC, control of the assets of the three properties were to be transferred to the LLC Defendants. As set forth [sic] Mr. Cole's instructions, the parties were to settle separately at some unstated time in the future on "costs, escrows and other deductions." This separate settlement never occurred, leaving the LLC Defendants to incur liabilities for unf[]unded security deposits and unpaid accounts payable.

Plaintiff claims the LLC Defendants' Answer to this interrogatory is non-responsive because, although the LLC Defendants contend the transfers occurred via asset sales, the LLC Defendants have neither detailed their factual basis for such a belief nor identified all persons who have personal knowledge. In their Opposition the LLC Defendants did not address this interrogatory. In its Reply, Plaintiff asks the court to order the LLC Defendants to provide a more complete answer.

The court finds the LLC Defendants have disclosed the factual basis for their contention in their Answer. If there are other bases for their contention, besides Mr. Cole's instructions in the April 29, 2000 letter to Arnall, Golden & Gregory, the LLP Defendants must so disclose in detail. The court further *directs* the LLP Defendants to identify all persons who have personal knowledge related to the Answer provided.

*Interrogatory No. 15 to the LLC Defendants*:

"Describe in complete detail the factual basis for your contention, in paragraph 10 and 13 of your Counterclaims, that NDC owes you $237,057.09 for the unfunded security deposits for the Refinanced Projects. Identify all persons who have personal knowledge related to your answer. Identify all documents related to your answer."

---

[1] Defendants Park Bridge Acworth, L.L.C., Autumn Hills Union City, L.L.C., and Sandpiper Casselberry, L.L.C. are collectively referred to as the "LLC Defendants."

The LLC Defendants' Answer to Interrogatory No. 15 is identical to Interrogatory No. 9. Plaintiff claims the Answer is non-responsive. "To date, the LLC Defendants have not produced any evidence supporting the claimed damages amount or even establishing that they have incurred liability for unf[]unded security deposits." Pl.'s Mot. Compel Disc. & Mem. Supp. ("Pl.'s Mem."), at 11. The court ORDERS the LLC Defendants to supplement their Answer to Interrogatory No. 15 by providing information and/or identifying documents supporting the claimed damages amount and establishing the incurred liability for unfunded security deposits. The LLC Defendants must also identify all persons who have personal knowledge related to their supplemental Answer.

*Interrogatory No. 16 to the LLC Defendants*:

"Describe in complete detail the factual basis for your contention, in paragraph 11 and 13 of your Counterclaims, that NDC is responsible to pay damages in connection with the Accounts Payable for the Refinanced Projects, for which you incurred liability at the closing of the Refinance Loans. Identify all persons who have personal knowledge related to your answer. Identify all documents related to your answer."

The LLC Defendants' Answer to Interrogatory No. 16 is identical to Interrogatory Nos. 9 and 15. Plaintiff claims the Answer is non-responsive. "Once again, NDC has requested that the LLC Defendants provide evidence supporting their Counterclaims. As already noted, to date, the LLC Defendants have not produced any evidence that they have incurred any liability for unpaid accounts payable." Pl.'s Mem., at 11-12. The court ORDERS the LLC Defendants to supplement their Answer to Interrogatory No. 16 by providing information and/or identifying documents supporting their contention that they have incurred any liability for unpaid accounts payable. The LLC Defendants must also identify all persons who have personal knowledge related to their supplemental Answer.

*Document Request No. 9 to the Murphy Defendants*:[2]

"All documents reflecting the payment of principal and/or interest on the Refinance Loans during the period from 1999 to the present."

The Murphy Defendants responded as follows:

> Responding Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, and intended merely to harass and annoy the Responding Defendants. Documentation relating to the procurement and closing of the Refinance Loans are relevant, and all such non-privileged documentation in

---

[2] Defendants Community Management Services, Inc., Michael Vincent Murphy and Marilyn Wilcox Murphy are collectively referred to as the "Murphy Defendants."

> Responding Defendants' possession or control have been produced. However, documentation relating to payments upon these loans occurring up through the present is not within the scope of discoverable material, and will not be produced.

Plaintiff claims the Defendants have not produced the requested documents. Plaintiff asserts the documents it seeks are discoverable because some of Plaintiff's claims concern the Defendants' pattern and practice of paying principal and interest on the mortgage loans.

In their Opposition the Murphy Defendants acknowledge that discovery is proper regarding the payment practice or pattern for the period before the refinancing. "Plaintiff seeks documents relating to the payment history on these properties <u>after</u> the refinancing. After the refinancing, the properties were no longer controlled by the same entities, and were subject to new mortgages. . . . Simply, the manner the payments were made after May 2000 is not relevant to any pattern or practice existing as of May 2000, the time period of the events giving rise to the action." Murphy Defs.' Opp'n, at 5.

In its Reply Plaintiff notes the issue is Defendant Community Management Services' ("CMS") pattern and practice of mortgage payment. CMS served as the managing agent for the apartment communities before and after the transactions. "Plaintiff should be able to explore whether CMS routinely makes mortgage payments based on a certain schedule or date to support its theory that CMS veered off from its norm in May 2000." Pl.'s Reply, at 16.

The Murphy Defendants disclosed not having in its possession documents for the period of May 2000 to December 2001. *See* Murphy Defs.' Opp, at 5 n.1. Plaintiff claims Defendants have not produced the requested documents from 1999 to April 2000. Plaintiff argues it should be permitted to review CMS' practice and pattern of making mortgage payments from 2002 to the present.

If the Murphy Defendants have documents showing the mortgage payments from January 1999 to May 2000, the court ORDERS the Murphy Defendants to produce them. If no such records exist, the Murphy Defendants must provide Plaintiff an affidavit or declaration making such certification under oath. CMS' pattern or practice of paying the mortgages *after* May 2000 is not relevant to Plaintiff's claims and thus the Murphy Defendants do not have to produce such records.

### *Document Request No. 12 to all Defendants*:

"All correspondence to, from, or mentioning NDC, David Cole, John Carlisi, and/or Mitchell Greenstein, during the period from 1993 to the present."

The Murphy Defendants responded as follows:

> Responding Defendants object to this Request on the grounds that it is

>overly broad and imposes an undue burden upon the Responding Defendants to the extent that it requests all documents "mentioning NDC, David Cole, John Carlisi, and/or Mitchell Greenstein, during the period from 1993 to the present." Responding Defendants further object in that the Request seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, and those identified in the General Objections above, all non-privileged, responsive documents relating to correspondence to or from the identified individuals and entities, and relevant to the claims and defenses of this litigation, have been produced.

The LLC Defendants responded as follows:

>The LLC Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it requests all such documents, without limitation or application to issues relevant to this case. The LLC Defendants further object to this request in that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not reasonably limited in scope. Subject to and without waiving these objections, all non-privileged responsive documents pertaining to the claims and defenses applicable in this litigation have been produced.

This document request, for all correspondence to, from or mentioning Mitchell Greenstein during the period of 1993 to the present, is very broad. The court thus LIMITS this document request to two areas: (1) claims and defenses regarding Plaintiff's breach of contract, account and conversion claims and (2) the Defendants' counterclaims (regarding 1992 promissory notes). If the Murphy Defendants and the LLC Defendants have not previously produced relevant documents to the above two areas, the court hereby ORDERS them to produce the documents.

Plaintiff argues its discovery that Defendant Murphy and Mr. Greenstein were partners in a business venture that had a distinct financial interest in Plaintiff's operations is relevant on the issue of Defendant Murphy's and Mr. Greenstein's potential conflict of interest and Defendant Murphy's bias. The court disagrees and will not order the Defendants to produce documents on this topic.

Further Plaintiff seeks the production of documents concerning personal business dealings between Defendant Murphy and Mr. Greenstein. In the January 1, 1999 letter to David Cole, Defendant Murphy wrote in pertinent part:

>This letter is also to advise you that Mitch Greenstein owes me a substantial personal loan and that I anticipate that this will be repaid in part

5

>> from commissions and bonuses received by him as a result of the refinancing of Autumn Hills, Park Bridge and Sandpiper. Therefore, I am asking you to tell me the precise amount of commission or bonuses, which you are paying to Mitch Greenstein as a result of these activities, so that I can know how much I should ask him for.

Pl.'s Reply, Ex. I.

Plaintiff argues it should be permitted to examine all correspondence regarding the personal loan to determine if that debt motivated Defendant Murphy not to pay Plaintiff the monies owed. The court disagrees. Plaintiff has not demonstrated this personal loan from Defendant Murphy to Mitchell Greenstein is related to claims and defenses of Plaintiff's claims or claims or defenses of the Counterclaims.

*Document Request No. 28 to the LLC Defendants*:

> "All corporate books and records, including but not limited to formation documents, bylaws, operating agreements, Board minutes, profit and loss statements, tax returns, and audited and unaudited financial statements, for the period from January 1999 to the present."

The LLC Defendants responded as follows:

>> The LLC Defendants object to this request in that it is overbroad and unduly burdensome, requesting documents and information not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of permissible discovery in this action. Subject to and without waiving the objection, documents relating to the formation of the LLC Defendants have been produced.

Plaintiff contends the requested documents are relevant, discoverable and must be produced. In their Opposition the LLC Defendants reassert their contention that the request is extremely broad. The LLC Defendants note Plaintiff has not made any proffer why the documents are discoverable and how the documents may lead to the discovery of admissible evidence. The LLC Defendants characterize the requested documents as sensitive, confidential and irrelevant to the breach of contract issues in this case. Also, the LLC Defendants mentions Plaintiff's resistance to the LLC Defendants' discovery request for financial documents.

In its Reply Plaintiff notes it is undisputed that Defendant Murphy controls the LLC Defendants. Plaintiff believes a review of the LLC Defendants' financial status before the merger/refinance transaction to the present may provide information regarding Defendant Murphy's bias, motive or self-interest for his refusal to pay monies owed to Plaintiff. Also, because the LLC Defendants maintain the

6

transfers occurred via assets sales, the requested financial documents may provide information on how the LLC Defendants accounted for the transfers. Plaintiff notes the requested documents are relevant because its Complaint includes claims for conversion and accounting.

"[T]he existence of a discovery dispute as to one matter does not justify delay in taking any other discovery." Local Rule 104.3 (D. Md.). The fact that Plaintiff refused to produce documents does not absolve the LLC Defendants from producing non-privileged, relevant discovery.

The court finds Document Request No. 28 is extremely broad. The court hereby LIMITS this request to all Board Minutes which are relevant to any claim or defense to Plaintiff's claims and to any financial records showing that the LLC Defendants accounted for the transfers as asset sales. Only those documents must be produced by the LLC Defendants.

*Arnall Golden Gregory, LLP ("AGG) Documents*:

Plaintiff contends that AGG represented Plaintiff and Defendant Murphy jointly, and because of that joint representation, the attorney-client privilege does not preclude production of the AGG documents. In the alternative Plaintiff claims Defendant Murphy waived any attorney-client privilege with AGG by sharing confidential information with a third party, Robert McMaster, who was retained by Defendant Murphy as a financial consultant and adviser on matters related to the refinancing.

Both the LLC Defendants and the Murphy Defendants assert an attorney-client relationship existed between AGG and Murphy exclusively. The Defendants deny any contemporaneous attorney-client relationship between AGG and Plaintiff. With regard to Mr. McMaster, the LLC Defendants contend Defendant Murphy did not waive the attorney-client privilege by sharing communications with Mr. McMaster because Mr. McMaster was retained by Defendant Murphy as a financial consultant and adviser and the confidential communications shared are protected by the "intermediary doctrine."

"The burden is on the proponent of the attorney-client privilege to demonstrate its applicability. The proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (internal citations omitted). As proponents of the attorney-client privilege between Defendant Murphy and AGG, the LLC Defendants and the Murphy Defendants bear the burden.

It is undisputed that an attorney-client relationship existed between Defendant Murphy and AGG. The Defendants challenge Plaintiff's assertion of a contemporaneous attorney-client relationship between Plaintiff and AGG but offer no evidence. An affidavit from Alison Drummond or Carolyn Rowland of AGG denying any legal representation of Plaintiff would have been acceptable evidence to refute Plaintiff's assertion. The evidence Plaintiff has presented supports the contention of joint representation by AGG.

Whether Plaintiff is entitled to the AGG documents need not be resolved on the joint representation assertion.  The LLC Defendants concede that Defendant Murphy shared confidential information with Mr. McMaster.  The LLC Defendants however claim the attorney-client privilege is not waived per the intermediary doctrine.  This doctrine extends the attorney-client privilege to an agent of the attorney.  Mr. McMaster was an agent of the client, Defendant Murphy, not the attorney, AGG.  Thus, the doctrine is inapplicable.

"Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege.  Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter."  *Jones*, 696 F.2d at 1072.  Defendant Murphy waived the attorney-client privilege by disclosing confidential communications to a third party, Mr. McMaster.  The court thus ORDERS the LLC Defendants and the Murphy Defendants to produce to Plaintiff the AGG documents, produced by AGG to the Defendants, concerning or relating to the May 2000 merger/refinance transactions.

The Defendants also assert the AGG documents are protected from disclosure by the work-product doctrine.  The Defendants have failed to demonstrate that these documents were prepared in anticipation of litigation.  *See National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992).  The Defendants must produce the AGG documents.

For the above reasons, Plaintiff's Motion to Compel (Docket No. 66) is **GRANTED IN PART** & **DENIED IN PART**.  The LLC Defendants and the Murphy Defendants MUST SUPPLEMENT their discovery responses not later than ***May 28, 2005***.

Per the modified Scheduling Order (Docket No. 60), discovery closes on May 20, 2005.  By separate order, the court will *sua sponte* modify the Scheduling Order.

Although informal, this letter constitutes an Order of the court and will be docketed accordingly.

                    Sincerely,

                    /s/

                    William Connelly
                    United States Magistrate Judge