**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NEIGHBORHOOD DEVELOPMENT COLLOBORATIVE,** | |
| Plaintiff, | Civil Action No. AW-03-1283 |
| v. | |
| **MICHAEL VINCENT MURPHY, III,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff Neighborhood Development Collaborative's ("NDC") Motion for Leave to File Second Amended Complaint [116]. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6) (D. Md. 2004). For the reasons that follow, NDC's motion is granted.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The general standard for determining "when justice so requires" is as follows:

> In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

*Forman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant leave to amend falls within the discretion of the trial court; however, "federal rules strongly favor granting leave to

amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167-68 (4th Cir. 1993). Indeed, the function of Rule 15(a) "is to enable a party to assert matters that were overlooked or were unknown at the time he filed his original complaint." *Donovan v. Porter*, 584 F.Supp. 202, 207 (D. Md. 1984) (citations omitted).

**DISCUSSION**

NDC's cause of action stems from Defendants' alleged unlawful activities regarding the management and refinance of several apartment properties. On August 29, 2005, the Court granted NDC's previous Motion for Leave to File Amended Complaint. NDC now seeks to add to its Amended Complaint, which states a claim for breach of contract, three alternative counts seeking equitable relief under an unjust enrichment theory. NDC contends that amendment is needed because the facts giving rise to its unjust enrichment claims only recently came to light, through depositions conducted in November 2005. Discovery has already closed in this matter.

Defendants argue that NDC has demonstrated "inexplicable delay" in pursuing its equitable claims. Defendants point out that this case was filed over two and a half years ago, and contend that all of the relevant information was at all times in NDC's possession. Defendants, however, do not address NDC's assertion that its new claims are based on information first revealed through depositions conducted on November 8-10, 2005. In these depositions, NDC elicited testimony indicating that Defendants received certain benefits from the business transactions that form the basis of this dispute; NDC argues that with this type of evidence, it may be able to prove that Defendants' acceptance and retention of these benefits without payment to NDC is inequitable, regardless of whether NDC prevails on its underlying breach of contract claim. While the Court has no opinion as to the merits of NDC's proposed equitable claims, they do not appear to be futile on

their face, nor is there any indication that they were brought in bad faith. As such, the fact that these claims were raised long after the initial complaint was filed is insufficient reason to deny leave to amend. *See Johnson v. Orowheat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) ("[D]elay alone is not sufficient to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility.") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Defendants also argue that they will be prejudiced if the Court grants leave to amend, as they will be forced to engage in additional discovery. They contend that the issues raised by a dispute over the equities of a transaction are necessarily broader than those implicated in a breach of contract action, and that further discovery will be needed to defend against NDC's unjust enrichment claims.

Additional discovery alone, however, will not be prejudicial to Defendants. *See Robinson v. Geo. Licensing Co.*, 173 F.Supp 2d 419, 426 (D.Md 2001) (finding that additional discovery will not prejudice defendants where discovery was ongoing and the trial date months away). Plaintiff's Second Amended Complaint, while adducing additional claims, does not significantly change the substance of the case, leading the Court to believe that any additional discovery will be limited in scope and unlikely to cause undue prejudice. *See Edwards v. City of Goldsboro*, 178 F. 3d 231, 243 (4th Cir. 1999) ("[p]rejudice . . . could hardly flow" from the addition of allegations "derived from evidence obtained during discovery regarding matters already obtained in the complaint in some form.") Although discovery in this case has closed, no dispositive motions have yet been filed, nor is Plaintiff seeking leave to amend on the eve of trial. In *Robinson*, the Court noted that the defendants could move for an extension of the discovery deadline if they believed that amendment of the complaint would require additional discovery. *Id.* Here, in their Opposition to Plaintiff's

Motion for Leave to Amend, Defendants request that the Court, if it grants Plaintiff's motion, order Plaintiff to appear for a deposition to answer questions pertaining to the newly-raised claims. The Court believes that this is a reasonable compromise and will enter an order accordingly.

## CONCLUSION

For the reasons stated above, the Court GRANTS NDC's Motion for Leave to File a Second Amended Complaint [116].  In addition, a representative of NDC shall appear for a deposition regarding its new claims.  An Order consistent with these rulings shall follow.

February 7, 2006                                              /s/
Date                                                     Alexander Williams, Jr.
                                                         United States District Judge