**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **NEIGHBORHOOD DEVELOPMENT COLLABORATIVE,** | |
| **Plaintiff,** | Civil Action No. AW-03-1283 |
| v. | |
| **MICHAEL VINCENT MURPHY, III,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION

This action involves a suit brought by Neighborhood Development Collaborative ("NDC" or "Plaintiff") against Michael Vincent Murphy, III, Marilyn Wilcox Murphy, and Community Management Services, Inc. (the "Murphy Defendants"), and Park Bridge Acworth, LLC, Autumn Hills Union City, LLC, and Sandpiper Casselberry, LLC (the "LLC Defendants") (collectively, "Defendants"). In its Second Amended Complaint, Plaintiff alleges, *inter alia*, breach of contract and unjust enrichment in connection with the sale and refinancing of various real properties. Currently pending before the Court are the Murphy Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [125]; the LLC Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [126]; and Plaintiff's Motion for Leave to File a Surreply [134]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendants' Motions to Dismiss or, in the Alternative, for Summary Judgment shall both be denied.

    **I.**     **FACTUAL & PROCEDURAL BACKGROUND**

The facts of this case have been set forth in detail in previous memorandum opinions dated August 19, 2003 and March 29, 2004, and will not be restated here. For present purposes, the Court notes that this dispute concerns the purchase, management, and refinance of several residential real estate properties. On April 30, 2003, NDC filed its original complaint for breach of contract, accounting, and conversion. NDC has twice amended its complaint, most recently, with leave of the Court, on February 7, 2006. In response to NDC's Second Amended Complaint, Defendants have each filed motions to dismiss or, in the alternative, for summary judgment, contending that NDC's claims must be dismissed as time-barred. Those motions have been fully briefed and are ripe for disposition.

## II.     SUMMARY JUDGMENT STANDARD

When matters outside the pleadings are presented to the court, a Rule 12(b)(6) motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Nat'l Mortgage Warehouse, LLC v. Trikeriotis*, 201 F.Supp.2d 499, 502 (D. Md. 2002). Where a party knows that materials outside the pleadings are before the court, that party is considered to have notice that the motion to dismiss may be treated as a motion for summary judgment. *Id.* Both parties in this case present affidavits and/or other outside pleadings for the Court's consideration. As such, the Court will treat Defendants' motions as Motions for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Haavistola v. Cmty.*

*Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993); *Etefia v. East Baltimore Comm. Corp.*, 2 F.Supp.2d 751, 756 (D. Md. 1998). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.   ANALYSIS

Defendants argue that Plaintiff's claims are time-barred. In particular, Defendants contend that Plaintiff's cause of action accrued, at the latest, in March 2002, and that the original complaint, which was filed on April 30, 2003, failed to toll the statute of limitations because Plaintiff, a District of Columbia corporation, was not registered to do business in Maryland as a foreign corporation on the date that Plaintiff commenced suit. Thus, Defendants argue, Plaintiff's original filing was a legal "nullity," and Plaintiff's subsequent pleadings—its First Amended Complaint, filed on August 29, 2005, and Second Amended Complaint, filed on February 7, 2006—cannot relate back to the original complaint for purposes of determining the timeliness of Plaintiff's claims. As a result, Defendants maintain, Plaintiff filed its first effective pleading in this action—its August 29, 2005 First Amended Complaint—outside the three year statute of limitations, which expired in March

2005.

In response, Plaintiff argues that, pursuant to Maryland statute and caselaw, a foreign corporation whose license to do business in the state had lapsed may pay the appropriate fine, requalify, and continue to pursue a claim initiated during the period of lapsed registration. Thus, Plaintiff contends, by requalifying to do business in Maryland on May 1, 2003, the day after it filed its original complaint, Plaintiff cured any deficiency in its initial pleading, and, as a result, its subsequent pleadings relate back to its timely-filed original complaint.[1]

Maryland requires that foreign corporations register with the state Department of Assessments and Taxation before conducting interstate, foreign, or intrastate business in Maryland. *Hildreth v. Tidewater Equipment Co.*, 838 A.2d 1204, 1206 (Md. 2003); Md. Code. Ann., Corps. & Ass'ns § 7-203. Here, Plaintiff concedes that it did not register to do business in Maryland as a foreign corporation until May 1, 2003, the day after it filed its original complaint. A foreign corporation that conducts business in Maryland yet fails to register with the state may be barred by Maryland's "door closing" statute from pursuing a cause of action in Maryland courts. The relevant statute provides:

> If a foreign corporation is doing or has done any intrastate, interstate, or foreign business in this State without complying with the requirements of Subtitle 2 of this title, neither the corporation nor any person claiming under it may maintain a suit in any court of this State unless it shows to the satisfaction of the court that:

---

[1] In its opposition to Defendants' motions to dismiss, Plaintiff also argues that although it did register in Maryland as a foreign corporation, it was under no obligation to do so, because it did not conduct "substantial intrastate business" in Maryland as of the date of its original complaint. Additionally, Plaintiff argues that Defendants have waived the defenses raised in the instant motions by failing to assert them in a timely manner. Having concluded, for reasons that are set forth below, that Defendants' statute of limitations defense is without merit, the Court need not address Plaintiff's remaining arguments against dismissal.

>   (1) The foreign corporation or the person claiming under it has paid the penalty specified in § 7-302 of this subtitle; and
>
>   (2) Either:
>
>   >   (i) The foreign corporation or a foreign corporation successor to it has complied with the requirements of Subtitle 2 of this title; or
>   >
>   >   (ii) The foreign corporation or any corporation successor to it are no longer doing intrastate, interstate, or foreign business in this State.

Md. Code. Ann., Corps. & Ass'ns § 7-301. Thus, an unregistered foreign corporation may not "maintain" a suit in any Maryland court[2] unless it pays the appropriate penalty (specified as $200 in § 7-302) and either (a) registers with the state, or (b) demonstrates that it is no longer doing business in Maryland. The meaning of the word "maintain" is, therefore, crucial. Defendants contend that the term encompasses the initiation of suits as well as their continuation, thereby nullifying all actions commenced by nonregistered corporations. Plaintiff offers a narrower interpretation, arguing that the § 7-301 simply prohibits a party from pursuing an already-filed suit until that party has complied with the requirements of the statute, and that § 7-301 in no way acts to void an action initiated by a nonregistered foreign corporation.

In *Kendrick & Roberts v. Warren Bros. Co.*, 72 A. 461 (Md. 1909), the Maryland Court of Appeals expressly adopted Plaintiff's construction of the term "maintain." The court in *Kendrick*, interpreting the substantially identical statutory predecessor of § 7-301, held that under the "proper

---

[2]Although this Court is not a "Maryland court," Maryland's "door closing" statute is applicable to diversity suits such as the case at bar. *See In re Hallyburton*, 163 B.R. 476, 477 (Bankr. D. Md. 1994); *United Merchants and Mfrs., Inc. v. David & Dash, Inc.*, 493 F. Supp. 1078, 1086 (D. Md. 1977) ("federal courts must apply 'door closing' statutes such as § 7-301 in diversity cases").

5

construction" of the statute, a plaintiff who had complied with the statute two months after filing suit was free to continue its suit without restriction. *Id.* at 464. The court continued: "The statute does not forbid the institution or bringing of the action, but prevents the maintaining of such action until the provisions of the law shall have been complied with." *Id.* The Court of Appeals then reaffirmed this principle in *Strasbaugh v. Steward Sanitary Can Co. of Delaware, Maryland, and Virginia*, 96 A. 863, 866 (Md. 1916), in which *Kendrick* was cited with approval. While neither *Kendrick* nor *Strasbaugh* speaks directly to the issue of whether the statute of limitations is tolled by the filing of an action by a nonregistered corporate plaintiff who subsequently complies with the state's registration requirements, these cases suggest an affirmative answer to this question, in that they establish that a party will not be barred from sustaining an otherwise sound action because of its failure to properly register to do business in the state, provided that that party complies with the registration provisions during the course of the suit.

Defendants attack this line of authority by arguing that *Kendrick* and *Strasbaugh* have been superseded by recent cases which, they contend, evince a shift in policy towards strict enforcement of state corporate registration statutes. Defendants suggest that the contemporary cases stand for the principle that any action taken by a non-compliant entity is per se ineffective, such that a court pleading filed during the period of noncompliance may never be retroactively validated by the plaintiff's subsequent compliance with the registration statute. Defendants also cite various Maryland statutes and cases in which the word "maintain" has, contrary to its interpretation in *Kendrick* and *Strasbaugh*, been used to mean the initiation or filing of an action, as opposed to its continuation after it has already been commenced.

With respect to Defendants' reliance on statutory language in which "maintain an action"

6

refers to the ability to file an action in the first place, the Court notes that none of the statutes cited by Defendants pertain to the registration of foreign corporations, the issue that is presently before the Court. Instead, Defendants cite statutes governing prisoner litigation, debt collection, the regulation of health maintenance organizations, actions to quiet title to real property, wrongful death claims, and actions for defamation of a woman's reputation for chastity. (LLC's Defs.' Rep. at 2-5.) This eclectic mix of statutory authorities—none of which may be found in the Corporations and Associations Article of the Maryland Code—is of dubious relevance to the Court's analysis of § 7-301. The same is true of the Maryland cases that Defendants cite, all of which arise in contexts far removed from that of the instant case. As such, this Court is unprepared to find that the Maryland Court of Appeals' unequivocal interpretation of Maryland's door closing statute, adopted nearly a century ago in *Kendrick*, has since been overruled by implication.

In addition, despite Defendants' assertion that the meaning of the term "maintain" has evolved over the years, the *Kendrick* court's reading of the relevant statutory provisions is bolstered by language in *J. I. Case Credit Corp. v. Insley*, 445 A.2d 689 (Md. 1982), where the court addressed the issue of whether the plaintiff's loss of its qualification to do business in Maryland "triggers the operation of the door closing statute and prevents [the plaintiff] from maintaining this action without meeting the conditions for lifting the bar of § 7-301." *Id.* at 692. Implicit in this statement is the court's belief that the bar imposed by noncompliance with the corporate registration statute may be lifted by meeting certain conditions, and that doing so would enable the plaintiff to carry on its suit. Thus, there is no merit to Defendants' contention that § 7-301 precludes the commencement of suits, rather than their continuation, by corporate plaintiffs who have failed to comply with the state's registration requirements.

This Court also rejects Defendants' argument that the cases of *Stein v. Smith*, 751 A.2d 504 (Md. 2000), and *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095 (Md. 2004), govern the instant matter. In *Stein*, an action was filed in the name of a defunct Maryland corporation whose corporate charter had been forfeited prior to the initiation of the suit. After the defendants moved to dismiss, challenging the defunct corporate plaintiff's capacity to sue, the complaint was amended to substitute the corporation's sole owner and proprietor as the plaintiff. The court found that because "the original complaint was filed by a nonentity and was a nullity, there was nothing to which the amended complaint could relate back." *Stein*, 751 A.2d at 506. As a result, the amended complaint, which had been filed outside the statute of limitations, was barred as untimely.

*Dual* also involved a Maryland corporation whose corporate charter was forfeit at the time of suit. In *Dual*, the corporate plaintiff filed an amended complaint after its corporate charter had been revived. The court held that "the initial complaint filed in this case was a nullity and therefore ineffective for the purpose of tolling the running of the statute of limitations." *Dual*, 857 A.2d at 1101. The court then concluded that the operative date for purposes of calculating the statute of limitations was not when the plaintiff's corporate charter was revived but rather when its amended complaint was filed; as the latter took place after the limitations period had expired, the plaintiff's cause of action was time-barred. *Id.* at 1103.

Defendants argue that *Stein* and *Dual* stand for the proposition that a court filing by any entity that is not in compliance with Maryland's corporate registration statutes is a nullity and, therefore, ineffective to toll the statute of limitations. This Court, however, does not read either case so broadly. Instead, the Court believes that the *Stein* and *Dual* plaintiffs' initial filings were viewed as nullities because, at the time they filed their initial complaints, each plaintiff's corporate existence

had been extinguished due to the forfeiture of its corporate charter. *See Stein*, 751 A.2d at 510-11 (finding there to be a "strong analogy" between an action instituted by a defunct corporation and a suit brought against a deceased individual); *Dual*, 857 A.2d at 1101 (holding that "[a] corporation, the charter for which is forfeit, is a legal non-entity").

Here, Plaintiff was neither deceased nor a legal non-entity at the time it originally filed suit. Rather, Plaintiff was an existing District of Columbia corporation, albeit one unlicensed to conduct business in Maryland. While Defendants argue that there is no meaningful distinction between a defunct corporation's loss of its *power* to sue, as was the case in *Stein* and *Dual*, and a nonregistered foreign corporation's loss of its *right* to sue, as Defendants contend occurred here, the Court cannot agree. The validity vel non of a corporate charter is a question that can, in most cases, be readily and conclusively answered; the same is not true, however, regarding the determination of whether an entity is actually "doing business" in Maryland such that it is required to register as a foreign corporation. No bright-line rule governs this latter inquiry; the test, instead, is whether "the corporation is doing such a substantial amount of localized business in this State that the corporation could be deemed 'present' here." *Yangming Marine Transport Corp. v. Revon Prods. U.S.A., Inc.*, 536 A.2d 633, 636 (Md. 1988). The factors that are to be taken into account include "the payment of state taxes; the maintenance in the state of property, an office, telephone listings, employees, agents, inventory, research and development facilities, advertising, and bank accounts; the making of contracts; and the extent or pervasiveness of management functions . . . within the state." *Id.* at 638. In the Court's view, the nebulousness of the "doing business" inquiry, and its susceptibility to

good faith dispute,[3] counsel against extending the harsh sanction imposed against defunct domestic corporations in *Stein* and *Dual* to cases involving nonregistered foreign corporations which may have been engaged in business in Maryland.

## IV.  CONCLUSION

For all of the reasons stated above, the Murphy Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [125], and the LLC Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [126], shall both be DENIED. Plaintiff's unopposed Motion for Leave to File a Surreply [134] shall be GRANTED. An Order consistent with this Opinion will follow.

August 22, 2006 /s/
Date Alexander Williams, Jr.
United States District Judge

---

[3] Indeed, the parties devote numerous pages of their briefs to addressing the issue of whether Plaintiff, at the time it filed its original complaint, was in fact "doing business" in Maryland within the meaning of § 7-301.